# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **HEATHER MICHELLE LEAMON,** ) | **Civil Action No.** 2:14-cv-2282-DCN-WWD |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **CHARLESTON COUNTY SCHOOL** ) | **COMPLAINT** |
| **DISTRICT, KAYLA GOODWINE,** ) | |
| **IN HER INDIVIDUAL CAPACITY,** ) | |
| **ROBERT BURNSED, IN HIS** ) | |
| **INDIVIDUAL CAPACITY, AND** ) | |
| **JAMES WINBUSH, IN HIS** ) | |
| **INDIVIDUAL CAPACITY** ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT
### (Jury Trial Demanded)

Plaintiff Heather Michelle Leamon, complaining of the above-named Defendants, would respectfully show unto this Honorable Court the following:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen and resident of Edisto, Colleton County, State of South Carolina.

2. Defendant Charleston County School District (hereinafter "District") is a subdivision of the State of South Carolina, located in Charleston County, South Carolina.

3. Upon information and belief, Defendant Kayla Goodwine (hereinafter "Goodwine") is a citizen and resident of Charleston County, South Carolina.

4. Upon information and belief, Defendant Robert Burnsed, (hereinafter "Burnsed") is a citizen and resident of Charleston County, South Carolina.

1

5. Upon information and belief, Defendant James Winbush, (hereinafter "Winbush") is a citizen and resident of Charleston County, South Carolina.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343 because this action is based on 42 U.S.C. § 1983, 2000d et seq., and 2000e et seq.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the Defendants are situated in, or reside in, the Charleston judicial division, and the unlawful and harmful acts giving rise to Plaintiff's claims were committed within the geographic area of the Charleston judicial division.

## II. FACTS

8. Plaintiff, who is white and female, was employed by the Defendant District as a 10th grade Biology teacher at Baptist Hill High School located in Charleston County, State of South Carolina, from August 14, 2012 through October of 2012.

9. Baptist Hill High School is a High School operated by the Defendant District at all times relevant to the Facts of this Complaint, is located at 5117 Baptist Hill Road in the town of Hollywood, in Charleston County, State of South Carolina, and the students at which are almost all black with only very few white students attending.

10. That at all times relevant to this Complaint, Defendant Goodwin, was the Principal of Baptist Hill High School.

11. That at all times relevant to this Complaint, Defendant Burnsed, was the Assistant Principal of Baptist High School.

12. That at all times relevant to this Complaint, Defendant Winbush was the Associate Superintendent of the Defendant District and the Associate Superintendent responsible for managing Baptist Hill High School.

13. That prior to the Plaintiff being hired as a teacher at Baptist Hill High School, the Defendant District knew or reasonably should have known that the Administration at Baptist Hill High School had a difficult time retaining white female teachers.

14. That during the time period Plaintiff taught 10th grade Biology at Baptist Hill High School, the Administrators at the Defendant District, knew or should have known that the Administration at Baptist Hill High School had a difficult time retaining white females.

15. That while the Plaintiff was teaching 10th grade Biology at Baptist Hill High School, the Administrator at the Defendant District ignored and/or were deliberately indifferent

2

to the fact that the Administration at Baptist Hill High School had a difficult time retaining white females.

16. That the Defendant Goodwin, the Principal of Baptist Hill High School, the entire time the Plaintiff was teaching 10th grade Biology at Baptist Hill High School, knew or reasonably should have known that the Administration of Baptist Hill High School had difficulty retaining white female teachers at Baptist Hill High School the entire time that the Plaintiff was employer there.

17. That the entire time the Plaintiff was teaching at Baptist Hill High School, the Defendant Goodwine, in her capacity as Principal of Baptist Hill High School, as the Supervisor of the Plaintiff, tolerated, allowed or was recklessly indifferent to the fact that the Administration at Baptist Hill High School had difficulty retaining white female teachers.

18. That the entire time the Plaintiff taught 10th grade Biology at Baptist Hill High School, the Defendant Burnsed was the Assistant Principal of Baptist Hill High School, in his capacity as Assistant Principal of Baptist Hill High School, tolerated, ignored and/or was consciously or recklessly indifferent to the fact that the Administration at Baptist Hill High School had difficulty retaining white female teachers.

19. That the entire time the Plaintiff was teaching at Baptist Hill High School, the Defendant, Winbush was the Supervisor of the Defendant Goodwine, and knew and or reasonably should have known that the Administration of Baptist Hill High School had difficulty retaining white female teachers, and in his capacity as Associate Superintendant of the Defendant District as the Supervisor of the Defendant Goodwine, tolerated, ignored and/or was recklessly and/or consciously indifferent to the fact that the Administration at Baptist Hill High School had difficulty retaining white female teachers.

20. That the entire time that the Plaintiff taught 10th grade Biology at Baptist Hill High School, the Defendant District operated Baptist Hill High School, or allowed it to be operated by its actions, policies, customs and or indifference on the basis that a hierarchy existed as to the status of teachers at Baptist Hill High School with black males on top, black females next in line, then white males and on the very bottom white females, in terms of how students were allowed to behave towards teachers, and in terms of how the Administration treated students violations of the Student Code of Conduct towards those teachers.

21. That the above stated hierarchy of teachers as set forth in paragraph 20 above was communicated to the Plaintiff by the actions, words and indifference of the Administrators of the Defendants District, and the Defendants and each of them, and reflected the conditions the Plaintiff was employed in at Baptist Hill High School the entire time the Plaintiff taught there.

22. That the Defendant District, acting through the actions and omissions of its agents, employees and administrators, allowed Baptist Hill High School to be operated in a manner that white female teachers were allowed to be treated worse and more disrespectfully than black males, black females and white males, by the students attending Baptist Hill High School, all of which significantly contributed to the difficulty Baptist Hill High School had in retaining white female teachers, including the Plaintiff.

23. That the Defendant District is the only public school district in the history of the United States of America, that was found by a Federal Court Jury to have been a "racially hostile" work environment for a white female teacher.

24. That on September 6, 2006, a Federal Court Jury in the United States District Court for the District Court of South Carolina, Charleston Division, was found that a public school in Charleston County was a racially hostile work environment for a white female teacher to work in. The Jury Verdict in the United States District Court for the District Court of South Carolina, Charleston Division, Case Number: 2-04-23318-18BG entitled Elizabeth Kandrac vs. Charleston County School District, Wanda Marshall in her individual capacity, and Darrell Johnson in his individual capacity, filed 9-6-06 is attached hereto as ***Plaintiff's Exhibit "A"***.

25. That the Defendant District has not had a single program at any public school, or a new administrative policy, action or program to address the fact that a public school in the Defendant District was found to be racially hostile environment for a white female teacher to teach in, and the Defendant District through its actions, customs and policies has ignored that it has a problem with high turnover of white female teachers in predominately black public schools and with regard to how white females teachers are allowed to be treated by students at those schools .

26. That pursuant to the District Policy against Sexual or Racial Harassment, a harasser may be a student. (The Charleston County School District "Employee Information Policy, on "Sexual Harassment and the Charleston County School District Policy Against Sexual

4

2:14-cv-02282-DCN-WWD     Date Filed 06/12/14    Entry Number 1     Page 5 of 15

and Racial Harassment and the Charleston County School District policy defining what conduct constitutes "Sexual Harassment") is attached hereto as ***Plaintiff's Exhibit "B"***.

27. That pursuant to the District Policy against Sexual or Racial Harassment, sexual or racial harassment may include name calling, sexual gestures, or aggressive or hostile acts. (The Charleston County School District "Employee Information Policy, on "Sexual Harassment and the Charleston County School District Policy Against Sexual and Racial Harassment and the Charleston County School District policy defining what conduct constitutes "Sexual Harassment") is attached hereto as ***Plaintiff's Exhibit "B"***.

28. That the Plaintiff was tripped by a student in her classroom and was then called a "Bitch" in a loud and aggressive manner by that same student. That the Plaintiff complained to the Defendants Goodwine and Defendant Burnsed about what happened and the Defendant refused to punish the student in any way and even refused to remove the student from the classroom, all of which then encouraged the other students to escalate the racial and sexual harassment of the Plaintiff.

29. That for a student to verbally call a female teacher a bitch to her face is unwelcome and offensive behavior towards a female employee in the Defendant District according to the policies and customs in the Defendant District during the entire time the Plaintiff taught at Baptist Hill High School.

30. That for a student to graffiti the word "Bitch" on the classroom floor in front of the Plaintiff's desk in the room where the Plaintiff taught 10th grade Biology is unwelcome and offensive and demeaning behavior towards a female employee of the Defendant District according to the policies and customs of the Defendant District during the entire time the Plaintiff taught 10th grade Biology at Baptist Hill High School.

31. For a student to write the words that "You need a good butt fuck" and leave such words on a note for the Plaintiff in the Plaintiff's classroom while the Plaintiff taught at Baptist Hill High School is unwelcome and offensive behavior towards a female employee of the Defendant District according to the policies and customs of the Defendant District during the entire time the Plaintiff taught 10th grade Biology at Baptist Hill High School.

32. That during the entire time the Plaintiff taught 10th grade Biology at Baptist Hill High School she was frequently called a "white bitch" by black students at Baptist Hill High School, on school grounds and during school hours

33. That for a black students to verbally call a white female teacher a "white bitch" to her face is unwelcome and offensive behavior towards a female employee in the Defendant District based on the race and gender of that employee according to the police and customs of the Defendant District during the entire time the Plaintiff taught.

34. That the Plaintiff was repeatedly called a "bitch" by the students at Baptist Hill High School during the entire time the Plaintiff taught at Baptist Hill High School.

35. That when the Plaintiff complained to the Administrators at Baptist Hill High School about the racial and sexual hostile behavior of the students towards her as set forth above, the Plaintiff was told by the Defendant Burnsed that "this was the way these kids were; and / or that these were good kids, and then did not punish or discipline the students involved.

36. That the Defendant Goodwin and Defendant Burnsed Retaliated against the Plaintiff for complaining to them about the racial and sexual hostile environment she was subject to while teaching at Baptist Hill High School by not taking steps to promptly remove the graffiti "Bitch" that was left by a students in front of the Plaintiff's desk, which all the students were plainly able to see, all of which caused those students to feel empowered to continue to racially and sexually harass the Plaintiff.

37. That the Plaintiff was also told by the Instructional Coordinator assigned to her classroom by the Defendant District, when she complained about the sexually and racially offensive and degrading behavior of the students towards her that there was a "hierarchy" at the school of "black man, black woman, white man, white woman", and that she need to get used to it.

38. That the Plaintiff also complained to the Defendant Winbush in his capacity as Associate Superintendant of the Defendant District, and the Defendant Winbush's response was on 9-17-13, to transfer the Plaintiff to a school one and a half hours from her residence, at the same time he did not punish the students who sexually and racially harassed the Plaintiff. Nor did the Defendant Winbush order any investigation into the behavior of the students who had been racially and sexually harassing the Plaintiff.

39. That the Administrators at the highest level of the Defendant District personal intervened to ensure that a white student who posted a racial slur, online, outside of school grounds, was disciplined as having committed a Level Three Intimidation Charge and given a five day suspension from school under the Defendant District's Student Code of Conduct, and

that such action by the Defendant Districts' Administrators was ratified and adopted by official action of the Defendant District ("Second Amended Complaint; entitled Virginia Patrick and Ashley Patrick vs. Charleston County School District, Case No: 2013:CP-10-3226 of the Charleston County School District Board of Trustees, along with Affidavit of Michael Garnett, dated 5-11-13 is attached hereto as Plaintiff's ***Exhibit "C"***

40.     That the teacher who replaced the Plaintiff at Baptist Hill High School, was a non-black female teacher who was also sexually and racially harassed by the same students and later that same school year, she ran out of the classroom never to return because of the continuing racial and sexual abusive behavior of the same students that harassed the Plaintiff on the basis of Plaintiffs race and gender.

41.     That the Defendant has a double standard which it applies to the victims of racial or sexual abuse in the way it carries out its Policy Against Racial and Sexual Harassment" in that the Defendant District applies harsher penalties and sanctions against white students who post racially offensive comments online, outside of the physical grounds of the Defendant District's school buildings, than it applies to black students who make racially and sexually offensive comments or threats directly to the face and in the presence of white teachers of the District while those white females are teaching, during regular school hours on school property.

42.     That by not punishing and/or sanctioning the students who were racially and sexually harassing the Plaintiff, the Defendant Goodwine, the Defendant Burnsed, and the Defendant Winbush, encouraged and/or were indifferent to the racial and sexual hostile teaching environment that the Plaintiff was forced to teach in, and also thereby encouraging and or allowed those same students to encourage such behavior.

43.     That the Defendant Goodwine was the final decision maker in the Defendant District with regard to the discipline of students at Baptist Hill High School during the entire time the Plaintiff taught at Baptist Hill High School as well as to what level of sexual and racial abuse or harassment would be tolerated of white female teachers during that time, during school hours and on school grounds.

44.     That as a result of all the above, the Plaintiff was subject to student behavior during school hours and on school grounds that the Defendant District and the Defendant Goodwine and Defendant Burnsed retained substantial control over, that the Defendant Goodwine and Defendant Burnsed were consciously indifferent to, that was unwelcome and

offensive and demeaning based on her race (white) and gender (Female) and was so pervasive as to alter the conditions of her employment with the Defendant District, and to create an abusive atmosphere, and which the Defendant Goodwine as Chief Administrator and Final Decision Maker as to discipline at Baptist Hill High School, knew or should have known about and consciously failed to take appropriate corrective action to address that abusive behavior.

45.     That the Defendant Winbush Retaliated against the Plaintiff for complaining about and not accepting the racial and sexual harassment she was experiencing while teaching at Baptist Hill High School, by ordering the Plaintiff to be transferred to teach at another school located well over an hour away from the Plaintiff's residence, at the same time the student who did the harassing was not appropriately punished or transferred from the Plaintiff's classroom .

46.     That the Defendant District does not apply its own stated rules about Sexual and Racial Harassment of its Employees in a fair and race and gender neutral manner.  The Defendant District has a policy and custom of applying sanctions and penalties differently depending on the race and gender of the perpetrator and the victim of such harassment.

47.     That it is the policy and custom of the Defendant District to treat it as a serious matter requiring sanctions and penalties when the intended target of the racial slur is black and the perpetrator is white, even if the use of the racial slur is online and off campus, and ignores and tolerates racial and sexual slurs done in person in the face of victims who are white if the perpetrator of such racial and sexual harassment are black.

48.     That the Defendant District, during the entire time the Plaintiff taught 10th grade Biology at Baptist Hill High School applied its rules on Sexual and Racial Harassment in a racially and sexually disparate manner when applied to addressing the behavior the Plaintiff was subjected to at Baptist Hill High School, as well as to the punishment and sanctions given to students doing that harassing, based on the race student doing the harassing and the race and gender of the victims of that harassing behavior. (Charleston County School District, Student Code of Conduct, 2012-2013) is attached hereto as *Plaintiff's Exhibit "D"* .

49.     That the Plaintiff was discriminated against on the basis of her gender (female) and race (white) while teaching at Baptist Hill High School as indicated above while working at a public school receiving Federal Financial Assistance.

50.     That as a direct result of the racial and sexual harassment the Plaintiff was subjected to, as above stated, and from being Retaliated against for complaining about it while

8

the Plaintiff taught at Baptist Hill High School, the Plaintiff suffered anxiety and stress and Post Traumatic Stress Disorder from which she had to seek medical care and incur expenses.

51. While acting under the color of state law, all of the Dependants and each of them, discriminated against the Plaintiff on the basis of her race and gender, in violation of her right to equal protection as provided for in the Fourteenth Amendment of the United States Constitution by subjecting the Plaintiff to a racially and sexually hostile work environment.

52. That while acting under color of state law agents of the Defendant District, the Defendant Goodwine, Defendant Burnsed, and Defendant Winbush discriminated against the Plaintiff by their conscious indifference to and toleration of the racial and sexual harassment of the Plaintiff that took place on the grounds of the Baptist Hill High School during school hours that the Defendants Goodwine and Defendant Burnsed, as the Administration team at Baptist Hill High School , knew or should reasonably have known about and took appropriate measures to end it.

## FOR A FIRST CAUSE OF ACTION
### (Violation of Civil Rights  - 42 U.S.C. § 1981)

53. That the Plaintiff repeats and re-alleges the preceding paragraphs as if restated verbatim.

54. Defendant Goodwine, Defendant Burnsed, and Defendant Winbush discriminated against the Plaintiff and interfered with her right to contract for employment, in violation of 42 U.S.C. § 1981, all on the basis of Plaintiff's race and gender, by subjecting Plaintiff to a racially and sexually hostile work environment and by subjecting the Plaintiff to disparate treatment due to her race and gender.

55. Defendant District and Defendant Winbush discriminated against Plaintiff and interfered with her right to contract for employment, in violation of 42 U.S.C. § 1981 all on the basis of Plaintiff's race and gender, by subjecting Plaintiff to disparate treatment due to her race and gender when the Plaintiff was transferred to another public school for complaining about being discriminated against on the basis of her race and gender, at the same time the students who racially and sexually harassed her were allowed to remain at the school where they attended and were not appropriately punished.

56. The Defendant Winbush as the Associate Superintendent of the Defendant District, responsible for managing Baptist Hill High School during the entire time the Plaintiff

9

was employed there, and the Defendant Goodwine as the Principal and direct Supervisor of the Plaintiff at Baptist Hill High School during the entire time the Plaintiff taught and the Defendant Burnsed who was the Assistant Principal at Baptist Hill High School, were high ranking Administrators of the Defendant District regarding the conditions the Plaintiff's employment at Baptist Hill High School to the degree that their actions are those of the Defendant District for purposes of the Defendant's District's liability under 42 U.S.C. § 1981.

57.    That the actions and omissions of the Defendants, and each of them, as set forth above, were willful, reckless and with malicious disregard of the Plaintiff's federal protected rights and the Plaintiff is entitled to actual, consequential and compensatory damages, as well as reasonable attorney fees and cost under 42 U.S.C. § 1981, all of the Defendants and each of them, and punitive damage against the Defendant Goodwin, Defendant Burnsed, and Defendant Winbush.

## FOR A SECOND CAUSE OF ACTION
### (U.S.C. § 1983)

58.    Plaintiff repeats and re-alleges all of the preceding paragraphs as if restated verbatim hereto.

59.    While acting under color of state law, all of the Defendants and each of them discriminated against the Plaintiff on the basis of her race and gender in violation of her rights to equal protection, as provided for in the Fourteenth Amendment of the United States Constitution, by subjecting Plaintiff to a racially and sexually hostile work environment.

60.    While acting under color of state law, all of the Defendants discriminated against the Plaintiff on the basis of her race and gender in violation of her right to equal protection, as provided for in the Fourteenth Amendment of the United States Constitution, by subjecting her to disparate treatment due to her race and gender.

61.    Defendant Winbush, as the Associate Superintendent in charge of Baptist Hill High School and supervisor of the Defendant District, and Defendant Goodwin, and as the Principal at Baptist Hill High School, Defendant Burnsed as Assistant Principal and direct Supervisors of the Plaintiff, were high-ranking officials and Administrators of the Defendant

District regarding the Plaintiff's employment, so that their actions are those of the District for purposes of District liability under 42 U.S.C. § 1983.

62. As a direct and proximate result of Defendants' conduct in violation of 42 U.S.C. § 1983 and Plaintiff's right to equal protection, Plaintiff has been damaged in that she has endured humiliation, stress, mental anguish and Post-Traumatic Stress involving medical care and therapy including medical expenses as a direct result of the racial and sexual abuse and harassment she suffered in her employment with the District, and the racially disparate treatment she received from the Defendants.

63. Defendants' unlawful actions were intentional, willful, malicious, and in reckless disregard of Plaintiff's federally protected rights, Plaintiff is entitled to actual, consequential, and compensatory damages, as well as reasonable attorney's fees and costs under 42 U.S.C. § 1988, against all Defendants, and punitive damages against the Defendant Goodwin, Defendant Burnsed, and Defendant Winbush.

FOR A THIRD CAUSE OF ACTION

(42 U.S.C. § §2000d et seq.)

64. Plaintiff repeats and re-alleges the preceding paragraphs as if restated verbatim.

65. Defendant District and Baptist Hill High School are programs or activities receiving Federal financial assistance within the meaning of 42 U.S.C. §2000d et seq.

66. Defendant District and Baptist Hill High School where the Plaintiff taught received Federal financial assistance, which was used to provide for employment with the Defendant District.

67. Each of the Defendants excluded Plaintiff from participating in, denied Plaintiff the benefits of, and subjected Plaintiff to discrimination in, a program or activity receiving Federal financial assistance, in violation of Plaintiff's rights under 42 U.S.C. §200det seq., by subjecting Plaintiff to a racially and sexually hostile work environment, by subjecting her to disparate treatment due to her race and gender.

68. Each of the Defendants excluded Plaintiff from participating in, denied Plaintiff the benefits of, and subjected Plaintiff to discrimination in, a program or activity receiving Federal financial assistance, in violation of Plaintiff's right under 42 U.S.C. § 2000det seq., by subjecting her to disparate treatment due to her race and gender.

69.     As a direct result and proximate result of Defendants' conduct in violation of 42 U.S.C. §2000det seq., Plaintiff has been damaged in that she has suffered humiliation, stress and mental anguish and Post-Traumatic Stress caused by her having been subjected to the racial and sexual abuse and harassment she suffered in her employment with the District, and the racially disparate treatment she received from Defendants.

70.     Defendants' unlawful actions were intentional, willful, malicious, and in reckless disregard of Plaintiff's federally protected rights.  Plaintiff is entitled to actual, consequential, and compensatory damages, as well as reasonable attorney's fees and costs under 42 U.S.C. § 1988., against all Defendants, and punitive damages against Defendant Goodwin, Defendant Burnsed, and Defendant Winbush.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. § 2000e-2 – Race Discrimination)

71.     Plaintiff repeats and re-alleges the preceding paragraphs as if restated verbatim.

72.     Defendant District, and Defendants Goodwine, Burnsed and Winbush, as its agents, are employers covered by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq.

73.     Plaintiff submitted a charge of discrimination to the South Carolina Human Affairs Commission

74.     In her charge of discrimination, Plaintiff alleged that while employed with the Defendant District she was subjected to a racially and sexually hostile work environment, as well as racially and sexually discriminatory treatment, that she was retaliated against for having complained about such harassment and discrimination.

75.     Following referral of the matter from the South Carolina Human Affairs Commission to the Federal Equal Employment Opportunity Commission, Plaintiff received from the United States Department of Justice, Civil Rights Division, a right-to-sue notice dated March 31, 2014.

76.     Defendants knowingly caused Plaintiff to have to work in an atmosphere of racial and sexual abuse and racial and sexual hostility, including verbal and physical abuse directed at the Plaintiff by black students because Plaintiff is a white female.  This racially and sexually hostile atmosphere adversely affected the terms and conditions of Plaintiff's employment with the District and violated Plaintiff's rights under 42 U.S.C. § 2000e-2.

77.    As a direct and proximate result of Defendants' conduct in violation of 42 U.S.C. § 2000e-2, Plaintiff has been damaged in that she has endured humiliation, stress, mental anguish and Post-Traumatic Stress, caused by her having been subjected to racial and sexual discriminatory treatment in her employment with the District, and the racially disparate treatment she received from the Defendants.

78.    Defendants' unlawful actions were intentional, willful, malicious, and in reckless disregard of Plaintiff's federally protected rights.  Plaintiff is entitled to actual, consequential, and compensatory damages, as well as attorney's fees and costs under 42 U.S.C. § 2000e-5(k), against all Defendants, and punitive damages Defendant Goodwin, Defendant Burnsed, and Defendant Winbush.

## FIFTH CAUSE OF ACTION
### (42 U.S.C. § 2000e-3 – Retaliation)

79.    Plaintiff repeats and re-alleges the preceding paragraphs as if restated verbatim.

80.    Plaintiff opposed unlawful discriminatory practices by complaining verbally and in writing to the Defendants about the racially and sexually hostile atmosphere in which she was made to work and about the disparate treatment of the Plaintiff on account of her race and gender.

81.    That the Defendant District, acting by and through the Defendant Goodwine and Defendant Burnsed Retaliated against the Plaintiff for complaining about the racial and sexual abuse by not taking steps to promptly remove the word "Bitch" written by a student in front of the Plaintiff's desk in the Plaintiff's classroom, which encouraged the students in her classroom to be emboldened and encouraged to continue to racially and sexually harass and to escalate the abusive behavior.

82.    Because of Plaintiff's opposition to unlawful discriminatory practices, Defendants Retaliated against the Plaintiff by subjecting her to additional, and worse, disparate treatment in the terms and conditions of her employment.

83.    That the Defendant District acting by and through the  Defendant Winbush Retaliated  against the Plaintiff for complaining about racial and sexual abuse by transferring the Plaintiff to another school far away from her residence.

84.    Defendants' retaliation against Plaintiff for opposing unlawful employment practices violated the prohibition against such retaliation in 42 U.S.C. § 2000e-3.

85. Defendants' unlawful actions were intentional, willful, malicious, and in reckless disregard of Plaintiff's federally protected rights. Plaintiff is entitled to actual, consequential, and compensatory damages, as well as reasonable attorney's fees and costs under 42 U.S.C. § 2000e-5(k), against all Defendants, and punitive damages against Defendant Winbush.

WHEREFORE, having fully set forth his allegations against Defendants, Plaintiff respectfully requests the following relief:

1. Compensatory damages for other economic losses directly and proximately caused by Defendants' unlawful conduct;

2. Compensatory damages for emotional distress, mental anguish and Post-Traumatic Stress.

3. Punitive damages against Defendant Goodwin, Defendant Burnsed, and Defendant Winbush.

4. Attorney's fees, expert's fees, and costs; and

5. Such further relief as the Court deems just and appropriate.

PLAINTIFF HEREBY DEMANDS A JURY TRIAL,

           Respectfully submitted,

           Law Office of Lawrence C. Kobrovsky

           _____

           By:/s/Lawrence C. Kobrovsky, ESQ
           Federal ID Number: 5294
           PO Box 1726
           Charleston, SC 29402-1726

Charleston, South Carolina         Telephone: 843-853-3703
**12th** Day of June 2014         Facsimile: 843-853-2331
           kobrovskyl@bellsouth.net

           ATTORNEY FOR PLAINTIFF